LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LORENZO HERNANDEZ
and JOHN DOE,
*on behalf of themselves and
FLSA Collective Plaintiffs*,

        Plaintiffs,

    v.

LECHONERA EL SAZON CRIOLLLO CORP.,
FELICIANO ORTIZ, ELIZABETH COLON
and FLOR COLON,

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, LORENZO HERNANDEZ and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, LECHONERA EL SAZON CRIOLLLO CORP., FELICIANO ORTIZ, ELIZABETH COLON and FLOR COLON (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unreimbursed expenses of "tools of the trade" and maintenance/repair costs (4) tips illegally retained by Defendants (5) liquidated damages and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) unreimbursed expenses of "tools of the trade" and maintenance/repair costs (5) tips illegally retained by Defendants (6) liquidated damages and statutory penalties and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, LORENZO HERNANDEZ, is a resident of Bronx County, New York.

6. Upon information and belief, Defendant, LECHONERA EL SAZON CRIOLLLO CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 632-A Castle Hill Avenue, Bronx, NY 10473.

7. Upon information and belief, Defendant, FELICIANO ORTIZ, is the Chairman or Chief Executive Officer of Defendant, LECHONERA EL SAZON CRIOLLLO CORP. FELICIANO ORTIZ exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8. Upon information and belief, Defendant, ELIZABETH COLON, is the Chairman or Chief Executive Officer of Defendant, LECHONERA EL SAZON CRIOLLLO CORP. ELIZABETH COLON exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, she exercised her power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiffs were hired, and their employment was terminated, directly by ELIZABETH COLON.

9. Upon information and belief, Defendant, FLOR COLON, is the Chairman or Chief Executive Officer of Defendant, LECHONERA EL SAZON CRIOLLLO CORP.  FLOR COLON exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, she exercised her power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. At all relevant times, each of Defendants, LECHONERA EL SAZON CRIOLLLO CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them, minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. A subclass of tipped employees have a claim improper tip pooling arrangement in which tipped employees were required to share tips with non-tipped employees in an invalid pooling arrangement mandated by Defendants. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. On or about January 2015 Plaintiff, LORENZO HERNANDEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Restaurant located at 632-A Castle Hill Avenue, Bronx, NY 10473.

17. LORENZO HERNANDEZ worked for Defendants until on or about January 19, 2017.

18. During his employment with Defendants, Plaintiff LORENZO HERNANDEZ regularly worked Monday through Sunday from 11:00 am to 10p:00m, totaling seventy (70) hours per week. He was not given a meal break throughout the day.

19. During the employment of Plaintiff, LORENZO HERNANDEZ, by Defendants, he worked over forty (40) hours per week. During LORENZO HERNANDEZ's employment by Defendants, he worked over ten (10) hours per day.

20. Specifically, LORENZO HERNANDEZ worked 7 days a week for 10 hours per day. LORENZO HERNANDEZ received his compensation on a fixed salary basis, at a rate of $450 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated LORENZO HERNANDEZ's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because LORENZO HERNANDEZ is a non-exempt employee who must be paid on an hourly basis.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

22. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

23. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

24. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

25. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

26. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool because management participated in the tip pool and (iv) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiffs and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities.

27. Plaintiff, LORENZO HERNANDEZ's tips from catering functions were unlawfully retained by Defendants'. Defendants' kept catering tips for themselves. Plaintiff, LORENZO

HERNANDEZ was entitled to these tips but never received them.

28. Plaintiff, LORENZO HERNANDEZ's non-tipped activities included: answering the phones, manning the counter, handling monetary transactions at the register, taking and placing food orders, sweeping the floors, cleaning tables, cleaning the fridges, cleaning the bathrooms, running food and taking out the trash on a daily basis.

29. Plaintiff, LORENZO HERNANDEZ, was required to buy a bicycle, totaling $260 and was required to maintain the repairs of said bicycle. About $50 was spent a month maintaining the breaks and tires. Plaintiff seeks compensation for unreimbursed expenses of "tools of the trade" and maintenance/repair costs.

30. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, each of Defendants, LECHONERA EL SAZON CRIOLLLO CORP., had gross revenues in excess of $500,000.

35. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

36. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

37. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

39. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

41. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

44. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

48. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

49. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

52. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

53. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of unreimbursed expenses for "tools of trade" and maintenance/repair costs.

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

i. An award of statutory penalties, and prejudgment and postjudgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 6, 2017

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

                              By:    */s/ C.K. Lee*
                                    C.K. Lee, Esq. (CL 4086)